**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LEROY JAMES HOLLIMAN, | ) | CASE NO. 4:22-cv-464 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER OF DISMISSAL |
| DAVID BOBBY, WARDEN, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On March 23, 2022, plaintiff Leroy James Holliman ("plaintiff" or Holliman"), a state prisoner who is represented by counsel, filed the present federal action. In the complaint, he alleges that defendants violated his civil rights when he was assaulted by prison guards and thereafter afforded inadequate medical care by prison medical staff. (*See generally* Doc. No. 1 (Complaint).) He raises claims under 42 U.S.C. § 1983, Title II the Americans with Disabilities Act ("ADA"), the Rehabilitation Act ("RA"), and state common law. (*Id.*) He brings these claims against defendant David Bobby (the warden at the facility in which the alleged attack occurred), various corporate prison entities, and unnamed John and Jane Does. (*Id.*)

In the first 90 days after this action was filed, plaintiff made no effort to effectuate service on defendants. On June 23, 2022, the Court issued the following non-document order:

> A review of the docket reflects that more than 90 days has passed since the complaint in this action was filed, and plaintiff has failed to timely serve defendants. Accordingly, plaintiff is advised to show cause in writing by July 8, 2022 as to why this action should not be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 4(m).

On July 8, 2022, plaintiff, through counsel, filed a document styled "Notice of Waiver of the Service of Summons." (Doc. No. 4 (Notice).) The notice provided, in relevant part, that "Plaintiff . . . hereby notices this Honorable Court and all parties hereto of the notice of wavier of the service of summons sent to all named Defendants via certified mail on July 7, 2022." (*Id.*) Appended to the notice were unsigned waiver of service forms mailed to the named defendants in this action.

Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) directs the Court to undertake a two-part analysis. First, the Court must determine whether plaintiff has shown good cause for the failure to effect timely service. If plaintiff has shown good cause, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Second, if plaintiff has not shown good cause, the Court must either (1) dismiss the action without prejudice, or (2) direct that service be perfected within a specified time. *Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016) (citing *Henderson v. United States*, 517 U.S. 654, 663, 116 S. Ct. 1638, 134 L. Ed. 2d 880 (1996)).

"Establishing good cause is the responsibility of the party [who failed to timely serve], and 'necessitates a demonstration of why service was not made within the time constraints [of the Rule].'" *Warrior Imports*, 317 F.R.D. at 69 (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994) (further citations omitted)). Rule 4(m) does not define "good cause," but the Sith Circuit has repeatedly recognized that extraordinary circumstances may warrant a finding of "good cause" such that untimely service may be excused. *See Habib*, 15 F.3d at 73. By contrast, the Sixth

2

Circuit has refused to find "good cause" based on vague claims of hardship or unexpected difficulties in perfecting service. *See, e.g., Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521–22 (6th Cir. 2006) (personal matters involving the welfare of counsel's children, coupled with lack of assistance from co-counsel, did not constitute "good cause").

Plaintiff has failed to offer any justification for his failure to timely serve defendants under Rule 4(m). Instead, after the 90-day service period had expired, plaintiff filed a notice of mailing waiver of service forms to defendants. "[R]equesting, but not receiving, waiver of service does not satisfy Rule 4(m)'s good cause standard." *Bradford v. Bracken Cnty.*, 767 F. Supp. 2d. 740, 754 (E.D. Ky. 2011) (collecting cases and noting that "federal courts have held that good cause has not been shown in a large number of cases and have rejected excuses based on a failure to receive a waiver of formal service") (quotation marks and citation omitted). Absent Sixth Circuit precedent on whether a defendant's refusal to waive service satisfied Rule 4(m)'s standard, the court in *Bradford* rejected excuses based on failure to receive waiver of formal service. *Id*. at 755. The court also noted that the Federal Practice and Procedure advises plaintiffs "to be wary of consuming too much of the 120[1] days pursuing a waiver of formal service" because it may make compliance with Rule 4(m) difficult or impossible.[2] *Id*. (citing 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d. ed.)).

---

[1] By amendments in 2015, the presumptive time for service of process under Rule 4(m) was shortened from 120 days to 90 days.

[2] Additionally, the court in *Bradford* noted that the Advisory Committee Notes to the 1993 Amendments to Rule 4(d) warn that "[t]he procedure of requesting waiver of service should also not be used if the time for service under subdivision (m) will expire before the dates on which the waiver must be returned." *See Bradford*, 767 F. Supp. 2d at 755 (citing Rule 4 Advisory Committee Notes (1993)).

Plaintiff's situation is even less defensible. Unlike the plaintiff in *Bradford*, it does not appear from the record that plaintiff took *any* action to serve defendants prior to the expiration of the 90-day period set forth in Rule 4(m). It was only after the Court directed plaintiff to show cause why this action should not be dismissed that he began the process of inquiring whether defendants would consider waiving service. Accordingly, the Court concludes that plaintiff has not shown good cause for failing to timely serve defendants within the 90-day time period.

Even in the absence of good cause for failing to timely perfect service, Rule 4(m) gives the Court discretion to extend the time for service but does not require the Court to do so. *Warrior Imports*, 317 F.R.D. at 70. In determining whether to exercise this discretion, the factors to be considered by the Court include:

> whether a significant extension of time was required; whether an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; whether the defendant had actual notice of the lawsuit; whether a dismissal without prejudice would substantially prejudice the plaintiff[;] and whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Id.* (quoting *Stafford v. Franklin Cnty., Ohio*, No. 2:04-cv-170, 2005 WL 1523369, at *3 (S.D. Ohio June 28, 2005) (citations and internal numerals omitted)).

With respect to the first, third, and fifth factors, it is still unknown whether defendants will agree to waive service and neither plaintiff, nor his counsel, have indicated how much time would likely be required to effectuate service if defendants do not agree to waive. Further, there is nothing in the record to suggest that defendants had actual notice of the lawsuit at any time prior to plaintiff mailing the waiver request forms. Additionally, because plaintiff did not advise the Court of any action he took to try to effectuate service within the 90-day time period, and the record is otherwise devoid of evidence of any such actions, plaintiff has failed to demonstrate any good faith efforts

4

to effectuate proper service.  These factors all weigh against extending the time to serve.

As to the second factor, defendants have yet to file an answer, or otherwise take any action in defense of this lawsuit. Defendants have, therefore, suffered no discernible prejudice to date, and this factor weighs in favor of extending the time for service.

The fourth factor requires the Court to consider whether dismissal without prejudice would prejudice plaintiff. "A consideration when examining the prejudice to a plaintiff is if dismissal of the suit would run afoul of the statute of limitations, because a plaintiff would be prejudiced if a dismissal without prejudice effectively barred the claim from being brought again in federal court." *Sumpter v. United States Dep't of Educ.*, No. 2:19-cv-45, 2020 WL 7038978, at *3 (E.D. Ky. Nov. 13, 2020); *see Petty v. Cnty. of Franklin, Ohio*, 478 F.3d 341, 346 n.3 (6th Cir. 2007) (citing 3 Moore's Federal Practice § 4.82(3) for the proposition that "any dismissal ordered [under Rule 4(m)] after expiration of the statute of limitations for failure to establish good cause will be, in effect, with prejudice since plaintiff will be precluded from commencing a new action") (quotation marks omitted).

Plaintiff's federal and state claims are governed by a two-year statute of limitations. *See Frank v. Univ. of Toledo*, 621 F. Supp. 2d 475, 483 (N.D. Ohio 2007) (actions under Title II of the ADA and the RA carry a two-year statute of limitations); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997) (The statute of limitations applicable to a § 1983 action is the statute of limitations applicable to personal injury actions under the law of the state

in which the § 1983 claim arises).

Here, the complaint provides that the alleged assault that was the impetus for plaintiff's federal and state law claims occurred on March 24, 2021. (Doc. No. 1 ¶ 22.) The medical care he received (or was denied) and the alleged denial of his record requests occurred thereafter. (*See id*. ¶¶ 23–26, 33.) Because the two-year statutory period has yet to expire, a dismissal without prejudice would not prejudice plaintiff. This factor weighs against extending the time for service.

On balance, the Court concludes that the relevant factors weigh against extending the time for service. The Court, therefore, dismisses this action without prejudice for failure to perfect service under Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

Dated: July 14, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

6